The cause stood continued nisi for advisement, and at the succeeding March term at Boston, the opinion of the Court * (except the Chief Justice, who did not sit in the [*634] cause) was delivered by
Sedgwick, J.
This case presents two points for consideration ; the first depending on the question, Was the legacy given to Mrs. Sawtell specific ? If it was, then the executors, on a request for that purpose, ought to have exposed the notes and bonds of their testator, that Mrs. Sawtell might select from them to the amount of the legacy given to her; and the plaintiff in this case must recover, unless he is concluded by a decision of the second point in the case, that is, by having received the average awarded upon the legacy by the order of Court.
But as to the nature of the legacy, whether it be general or spe *556 cific, it is unnecessary in this case to determine ; because we are all of opinion on the second point,—that the receipt by the plaintiff" of the average awarded by the order of the Supreme Court of Probate is conclusive against the plaintiff’s right to recover.
This was an order of the Supreme Court, estimating the whole amount of the plaintiff’s demand ; all the circumstances were known to him ; and he acquiesced in the decision which was made. Such an adjustment made of a demand, where there is no imposition or misrepresentation on one side, nor any mistake on the other, it is of importance should be considered as conclusive.

Plaintiff nonsuit.